USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 3/13/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAVEL BAIKIN,

                         Plaintiff,

– against –

LEADER SHEET METAL, INC. and GREGORY DASHEVSKY,

                         Defendants.

**OPINION AND ORDER**

16 Civ. 8194 (ER)

Ramos, D.J.:

    The parties have filed an application for the Court to approve their agreement settling claims brought under the Fair Labor Standards Act ("FLSA") and the New York Labor Law and to dismiss the case with prejudice. (Doc. 10) (the "Agreement"). The settlement is for $30,600 total, with $10,199.97 payable to Plaintiff's counsel for attorneys' fees and costs. Agreement at § 1(a)-(b).

    In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). The Court will not approve the Agreement because, for various reasons, it is not "fair and reasonable" as currently drafted.

    First, the Agreement purports to forever bar Plaintiff from working in or applying for a position with Defendants. Agreement at § 4 ("[Plaintiff] is ineligible pursuant to this Agreement to hold any positions with any Defendant now or in the future and shall not apply in the future for employment with any Defendant). It also prohibits Plaintiff from visiting any business

"wholly owned by any Defendant." *Id.* at § 5 ("Plaintiff hereby waives any right . . . to visit any business wholly owned by Defendant, whether as a guest, patron, invitee or any other capacity. Should Plaintiff wittingly or unwittingly enter onto the premises . . . upon request Plaintiff shall immediately vacate the premises."). These are "highly restrictive provision[s] in 'strong tension with the remedial purposes'" of the FLSA. *Reyes v. HIP at Murray St., LLC*, No. 15 Civ. 238 (LGS) (quoting *Cheeks*, 796 F.3d at 200). The Court will not approve an agreement with such provisions.

Second, the Agreement contains a non-disparagement provision which states that the "parties shall not, directly or indirectly . . . deprecate, impugn, disparage or make any remark or comment . . . which could be construed as negative or defamatory concerning either party." Agreement § 6. "Courts in this District have held that while not all non-disparagement clauses are *per se* objectionable, if the provision would bar plaintiffs from making any negative statement about the defendants, it must include a carve-out for truthful statements about plaintiffs' experience litigating their case. Otherwise, such a provision contravenes the remedial purposes of the [FLSA] and . . . is not fair and reasonable." *Martinez*, 2016 WL 206474, at *1 (quoting *Lazaro-Garcia*, 2015 WL 9162701, at *3) (internal quotation marks omitted). Because the clause at issue here does not include a carve-out for truthful statements, the Court will not approve the Agreement with the non-disparagement provision as currently written.

Lastly, the Agreement contains a confidentiality provision that seeks to prohibit Plaintiff from disclosing any information about the Agreement to anyone – except as compelled by law and to "immediate family, tax advisors, and his attorney." Agreement at § 7 ("Plaintiff shall not . . . publicize to any person . . . any term of this Agreement . . . . This provision bars Plaintiff's publication by media, Internet and all other communications."). This type of confidentiality

2

provision in a FLSA settlement is firmly against public policy and courts in this Circuit have consistently held as much. *See, e.g.*, *Cheeks*, 796 F.3d at 206–07; *Martinez*, 2016 WL 206474, at *1; *Soma v. 65 St. Marks Bistro*, No. 15 Civ. 327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y Nov. 6, 2015) (collecting cases). The Court will not approve a settlement with such a confidentiality provision.

Accordingly, the parties' request for approval of the proposed settlement is DENIED without prejudice. The parties may proceed in one of the following ways:

1. File a revised settlement agreement on or before **March 27, 2017** that does not include a future employment ban, confidentiality provision, or a non-disparagement provision; or

2. File a joint letter on or before **March 27, 2017** that indicates the parties' intention to abandon settlement and continue to trial, at which point the Court will reopen the case and set down a date for a pre-trial conference.

It is SO ORDERED.

Dated:   March 13, 2017
         New York, New York

                                                      _____
                                                      Edgardo Ramos, U.S.D.J.